UNITED STATES *v.* AMERICAN BELL TEL. Co. *et al.*

(*Circuit Court, D. Massachusetts.* July 2, 1889.)

EQUITY—REFERENCE TO EXAMINER.

 On a motion for the appointment of an examiner to take testimony in an equity case, the court will not restrict the testimony to the single issue of fraud which is raised by the plea.

In Equity. Motion to appoint examiner.

*G. A. Jenks, C. S. Whitman,* and *O. A. Galvin,* for complainant.

*C. Smith* and *B. F. Thurston,* for defendants.

COLT, J. The plaintiff moves the court for the appointment of an examiner to take testimony. The defendant Bell also moves for the appointment of an examiner to take testimony upon the issue raised by his plea filed in this case. The defendant company have answered generally to the bill. The defendant Bell has filed a plea and an answer in support of the plea. To the answer of the defendant company and to the plea the plaintiff has filed replications. The cause, therefore, is at issue, and it is proper for the court to appoint an examiner to take testimony. The defendants' motion seeks, in effect, to restrict the testimony by order of court to the single issue of fraud which is raised by the plea. It is certainly unusual, upon a motion made in the ordinary way for the appointment of an examiner, to ask the court by an interlocutory order to

limit in advance the scope of the testimony to be taken. It is probable that no appeal would lie from such an order. But, however this may be, such action on the part of the court seems to be contrary to established equity practice. Objections may be taken to the evidence on the grounds of incompetency or irrelevancy, and these objections properly come before the court at the final hearing of the cause, but I find no precedent for limiting or restricting the taking of testimony in advance. The court should not be called upon at this stage of the case to determine what is proper testimony and what is not, nor to determine the scope of the decision of the supreme court upon the demurrer in this case. Upon a motion in the ordinary way for the appointment of an examiner it is not for the court to settle questions which cannot be properly and intelligently passed upon at this time. The fact that this is an important, and in some respects an exceptional, case, should not prevent the court from following the usual and ordinary course of equity practice. The defendants' motion is denied and the plaintiff's motion is granted, and Henry L. Hallett is hereby appointed examiner.